GRIMES, Justice.
Monsanto Company appeals from two orders of the Public Service Commission. We have jurisdiction under article V, section 3(b)(2), Florida Constitution.
This appeal arose out of a rate increase sought by appellee Gulf Power Company,* which is co-owner of a Mississippi coal-powered electric generating facility known as Plant Daniel. Gulf Power sought the rate increase because it had bought out some long-term contracts with coal suppliers. Maintaining that this transaction would result in lower costs at Plant Daniel, Gulf Power sought to pass the buy-out costs along to its customers.
Monsanto and several other industrial retail customers intervened and raised a new, though related, issue involving Gulf Power’s relationship with its wholesale customers, who were other electric utilities. They alleged that the costs of the buy-out should not be allocated evenly to wholesale and retail customers. The Commission granted the rate increase, in an order that was not appealed, but retained jurisdiction to hold a hearing on the allocation issue.
At the heart of the dispute is Gulf Power’s implementation of Service Schedule R. Gulf Power originally began selling energy to the other utilities because it had extra Plant Daniel capacity which was not needed for its retail customers. These sales were known as Unit Power Sales (UPS). Pursuant to contracts, the UPS customers were required to pay certain capacity charges and were obligated to use their best efforts to buy fifty percent of Plant Daniel’s output whenever that facility was operating at more than a state of readiness (known as “minimal loading”). Thereafter, when the price of oil decreased, Gulf Power became concerned that the relatively high cost of Plant Daniel-produced energy would encourage the UPS customers to look elsewhere for energy and even refuse to honor their contracts. Thus, Gulf Power offered Schedule R, which allowed the UPS customers to buy energy from cheaper sources within the Southern system and obtain credit for these purchases against its obligation to buy Plant Daniel’s output. This transaction was approved by the Federal Energy Regulatory Commission, which has jurisdiction over inter-utility dealings.
Monsanto and the other retail customers argued to the Commission that the implementation of Schedule R had resulted in the retail customers being assigned a disproportionate share of the more expensive Plant Daniel energy. Thus, they contended that a greater portion of the costs of buying out the coal contracts at Plant Daniel should be allocated to the wholesale customers.
The Commission stated the issue somewhat differently, asking whether Gulf Power’s Schedule R sales to UPS customers cause retail ratepayers to bear inappropriate fuel charges. Two orders were issued: No. 19402, which ruled for Gulf Power, and No. 20568, which modified the ratio *857 nale but did not change the decision. The Commission found that the decisive factor was Gulf Power’s use of “economic dispatch.” Under “economic dispatch” Gulf Power transmits to its customers the least expensive energy available throughout the Southern system at any given time; thus, Plant Daniel would only be utilized when energy usage was high. Monsanto appealed both orders.
The parties agree that the central issue here is whether competent, substantial evidence supports the Commission’s decision. We believe that it does. There was expert testimony to support the Commission’s conclusion that economic dispatch results in all customers receiving the cheapest available power at all times. If a customer is receiving energy generated at Plant Daniel, that energy is the least expensive available at that time. Furthermore, there was no conclusive testimony as to the effects that Schedule R had on Plant Daniel’s operation, or whether Schedule R resulted in Monsanto or other retail customers paying unreasonably high rates.
It is not our function to reweigh the evidence or to substitute our judgment for that of the Commission but merely to determine if competent, substantial evidence supports the decision. Citizens v. Public Service Commission, 435 So.2d 784 (Fla.1983). Because such evidence is present in the record, Order No. 19402 and Order No. 20568 of the Public Service Commission are affirmed as to all issues raised by Monsanto in this appeal.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, SHAW, BARKETT and KOGAN, JJ., concur.

 Gulf Power is one of four subsidiary operating companies comprising the Southern power pool.